# EXHIBIT B

# PROPOSED INTERIM ORDER

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>**TRIPLE CROWN MEDIA, INC., et al.**[1]<br>Debtors. | Chapter 11<br>Case No. 09-_____<br>Jointly Administered |

## INTERIM ORDER UNDER 11 U.S.C. §§ 105(A) AND 366 (I) PROHIBITING UTILITY COMPANIES FROM DISCONTINUING, ALTERING OR REFUSING SERVICE, (II) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCES OF PAYMENT, AND (III) ESTABLISHING PROCEDURES FOR THE UTILITY COMPANIES TO OPT OUT OF THE DEBTORS' PROPOSED PROCEDURES FOR ADEQUATE ASSURANCE

Upon consideration of the motion (the "Motion") of the Debtors for entry of an order: (i) deeming utility companies adequately assured of future performance, (ii) approving the Debtors' Proposed Adequate Assurance Deposit[2] and the Adequate Assurance Procedures whereby Utility Providers may request additional or different adequate assurance of payment, (iii) prohibiting utility companies from discontinuing, altering or refusing service, (iv) determining that the Debtors are not required to provide any additional adequate assurance, beyond what is proposed by this motion, and (v) establishing procedures for determining adequate assurance of payment; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that the Motion is a core proceeding pursuant to 28 U.S.C. § 157; and adequate notice of the Motion and opportunity for objection having been given, with no

---

[1] The Debtors are the following entities (followed by the last four digits of their tax identification numbers): Triple Crown Media, Inc. (2824), Triple Crown Media, LLC (2824), BR Acquisition Corp. (8679), BR Holding, Inc. (7599), Datasouth Computer Corporation (9261), Gray Publishing, LLC (7061), and Capital Sports Properties, Inc. (6084). The service address for all of the Debtors for purposes of these chapter 11 cases is: 725 Old Norcross Road, Lawrenceville, GA 30045.

[2] Capitalized terms not defined herein shall have the meaning ascribed in the Motion.

objections or requests for hearing having been filed; and it appearing that no other notice need be given; and after due deliberation and sufficient cause therefore, it is hereby:

ORDERED, that the Motion is granted on an interim basis until such time as the Court conducts a final hearing on this matter (the "Final Hearing Date"); and it is further

ORDERED, that the procedures for determining additional adequate assurances, as provided in the Motion, are hereby approved; and it is further

ORDERED, that the Motion and this Order shall be served within two business days of entry of this Order on each Utility Provider that the Debtors believe could be affected by the Motion, including those Utility Providers set forth on Exhibit A to the Motion, and any other interested parties; and it is further

ORDERED, that the Debtors shall make a deposit (the "Adequate Assurance Deposit") equal to fifty percent (50%) of one month of utility service, calculated as a historical average over the most recent calendar year within five (5) business days of entry of this Interim Order, to each Utility Provider who is not currently paid in advance for its services, which Adequate Assurance Deposit shall be deemed, on an interim basis, to constitute adequate assurance under section 366(c) of the Bankruptcy Code; and it is further

ORDERED, that any Utility Provider who has accepted an Adequate Assurance Deposit and does not make an Additional Assurance Request at least five (5) business days prior to the Final Hearing Date, will be deemed to have stipulated that the Adequate Assurance Deposit constitutes adequate assurance of future payment to such Utility Provider, and such Utility Provider will be deemed to have waived any right to seek additional adequate assurance during the course of these Chapter 11 cases; and it is further

ORDERED, that upon payment of the Adequate Assurance Deposit and until such time as a Final Order on the Motion is entered by the Court, the Debtors are deemed to have provided adequate assurance to the Utility Providers. The Debtors' Utility Providers are forbidden to discontinue, alter, or refuse service on account of any unpaid prepetition charges, to discriminate against the Debtors, or to require payment of a deposit or receipt of other security for continued service as a result of the Debtors' bankruptcy filings or any outstanding prepetition invoices in connection with any unpaid charges for utility services furnished to the Debtors, including, but not limited to, the furnishing of gas, water, electric, telecommunications, and other services; and it is further

ORDERED, that the Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order; and it is further

ORDERED, that the **Final Hearing Date** for the relief requested in this Motion shall be _____, **2009 at** _____ **.m. prevailing Eastern Time**, and any objections or responses to this Motion shall be filed on or **before five business days prior to the Final Hearing Date** and served on (i) Triple Crown Media, Inc., 725 Old Norcross Road, Lawrenceville, GA 30045, (Attn: Mark G. Meikle); (ii) Dinsmore & Shohl LLP, 255 E. 5th St., Suite 1900, Cincinnati, Ohio 45202 (Attn: Tim J. Robinson); and Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, 18th Floor, Wilmington, DE 19899 (Attn: Robert Dehney and Gregory Donilon); counsel to the Debtors; (iii) U.S. Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801; (iv) K&L Gates, Hearst Tower, 214 North Tryon, Charlotte, NC 28002 (Attn: Evan Wolkofsky and Jo Ann Brighton), counsel for the First Lien Administrative Agent; (v) Ropes & Gray, 1211 Avenue of the Americas, New York, NY 10036 (Attn: Mark Somerstein and Shuba Satyprasad); Counsel for the Second Lien Administrative Agent; and (vi) counsel for any statutory

committee appointed in these cases.. In the event any particular Utility Provider fails to properly file and serve such an objection or an Additional Assurance Request, such Utility Provider shall be deemed to have consented to the Adequate Assurance Deposit made by the Debtors; and it is further;

ORDERED, that notwithstanding anything to the contrary contained herein, any payment to be made, or authorization contained, hereunder shall be subject to the requirements imposed on the Debtors under any order regarding the use of cash collateral; and it is further

ORDERED, that this Court shall retain jurisdiction over all matters arising from or related to the interpretation, implementation, and enforcement of this Order; and it is further

ORDERED, that this Order shall be effective immediately upon entry.

Dated: _____, 2009
Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE