# EXHIBIT C

## PROPOSED FINAL ORDER

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>TRIPLE CROWN MEDIA, INC., et al.[1]<br>Debtors. | Chapter 11<br>Case No. 09-_____<br>Jointly Administered |

### FINAL ORDER PURSUANT TO 11 U.S.C. §§ 105(A) AND 366 (I) PROHIBITING UTILITY COMPANIES FROM DISCONTINUING, ALTERING, OR REFUSING SERVICE, (II) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCES OF PAYMENT, AND (III) ESTABLISHING PROCEDURES FOR THE UTILITY COMPANIES TO OPT OUT OF THE DEBTORS' PROPOSED ADEQUATE ASSURANCE PROCEDURES

Upon the motion (the "Motion") of the Debtors for entry of an order: (i) deeming utility companies adequately assured of future performance, (ii) approving the Debtors' Proposed Adequate Assurance Deposits[2] and the Adequate Assurance Procedures whereby Utility Providers may request additional or different adequate assurance of payment, (iii) prohibiting utility companies from discontinuing, altering or refusing service, (iv) determining that the Debtors are not required to provide any additional adequate assurance, beyond what is proposed by the Motion, and (v) establishing procedures for determining adequate assurance of payment; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and this Motion in this District is proper

---

[1] The Debtors are the following entities (followed by the last four digits of their tax identification numbers): Triple Crown Media, Inc. (2824), Triple Crown Media, LLC (2824), BR Acquisition Corp. (8679), BR Holding, Inc. (7599), Datasouth Computer Corporation (9261), Gray Publishing, LLC (7061), and Capital Sports Properties, Inc. (6084). The service address for all of the Debtors for purposes of these chapter 11 cases is: 725 Old Norcross Road, Lawrenceville, GA 30045.

[2] Capitalized terms not defined herein shall have the meaning ascribed in the Motion.

pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of this Motion and the opportunity for a hearing on this Motion was appropriate under the particular circumstances and that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefore, it is hereby:

ORDERED, that the Motion is GRANTED in its entirety; and it is further

ORDERED, that objections to the Order, if any, shall be and hereby are OVERRULED; and it is further

ORDERED, that absent compliance with the procedures set forth in the Motion, the Utility Providers are: (i) forbidden to discontinue, alter or refuse service on account of any unpaid prepetition charges and (ii) deemed to have received adequate assurance of payment in compliance with section 366 of the Bankruptcy Code; and it is further

ORDERED, that any Utility Provider who has accepted an Adequate Assurance Deposit and did not make an Additional Assurance Request at least five (5) business days prior to the Final Hearing Date, is hereby deemed to have stipulated that the Adequate Assurance Deposit constitutes adequate assurance of future payment to such Utility Provider, and such Utility Provider is further deemed to have waived any right to seek additional adequate assurance during the course of these chapter 11 cases; and it is further

ORDERED, that any Utility Provider who accepted an Adequate Assurance Deposit shall be required to return the Adequate Assurance Deposit to the Debtors within fifteen (15) days of the effective date of any confirmed plan of reorganization or the closing of a sale of substantially all of the Debtors assets pursuant to section 363 of the Bankruptcy Code; and it is further

ORDERED, that the procedures for determining additional adequate assurances, as provided in the Motion, are hereby approved; and it is further

ORDERED, that any Utility Company who failed to timely file its Adequate Assurance Request, is hereby: (i) forbidden to discontinue, alter, or refuse service on account of any unpaid prepetition charges, or require additional adequate assurance of payment other than the Proposed Adequate Assurance described in the Motion; and (ii) deemed to have received adequate assurance of payment in compliance with section 366 of the Bankruptcy Code; and it is further

ORDERED that in the event that the Debtors receive any Additional Assurance Request in compliance with the procedures in the Motion, the Debtors shall have the greater of (a) fourteen (14) days from the receipt of any such Additional Assurance Request or (b) thirty (30) days from the Commencement Date (collectively, the "Resolution Period") to negotiate with the Utility Provider to endeavor to resolve that Utility Provider's request for additional assurance of payment. During this period, Utility Providers may not terminate any of the services they provide to the Debtors on account of the bankruptcy filing or any unpaid charges for prepetition services; and it is further

ORDERED, that the Debtors may resolve any Additional Assurance Request by mutual agreement with the Utility Provider, with the consent of the Second Lien Administrative Agent, which consent shall not be unreasonably withheld, and without further order of the Court. In connection with any such agreement, as necessary, the Debtors may provide a Utility Provider with additional adequate assurance of future payment including, but not limited to, cash deposits, prepayments, and/or other forms of security, without further order of this Court, if the Debtors believe such additional assurance is reasonable; and it is further

ORDERED, that if the Debtors determine that the Additional Assurance Request is not reasonable and are not able to reach an alternative resolution with the Utility Provider during the Resolution Period, the Debtors, during or immediately after the Resolution Period, will request a hearing before this Court to determine the adequacy of assurances of payment with respect to a

particular Utility Provider (the "Determination Hearing") pursuant to section 366(c)(3) of the Bankruptcy Code; and it is further

ORDERED, that pending resolution of any such Determination Hearing, such particular Utility Provider shall be restrained from discontinuing, altering, or refusing service to the Debtors on account of unpaid charges for prepetition services or the Debtors' bankruptcy filing; and it is further

ORDERED, that a Utility Provider shall be deemed to have adequate assurance of payment unless and until: (i) the Debtors agree, with the consent of the Second Lien Administrative Agent, which consent shall not be unreasonably withheld, to an Additional Assurance Request or agree to an alternative assurance of payment with the Utility Provider during the Resolution Period or (ii) this Court enters an order requiring that additional adequate assurance of payment be provided; and it is further

ORDERED, that any Utility Provider who failed to timely file a Procedure Objection is deemed to consent to the Adequate Assurance Procedures and shall be bound by the Adequate Assurance Procedures. The sole recourse of all Utility Providers that do not timely file a Procedure Objection shall be to submit an Additional Assurance Request pursuant to the Adequate Assurance Procedures, and such Utility Providers shall be enjoined from ceasing performance pending any Determination Hearing that may be conducted pursuant to the Adequate Assurance Procedures; and it is further

ORDERED, that the Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order; and it is further

ORDERED, that notwithstanding anything to the contrary contained herein, any payment to be made, or authorization contained hereunder, shall be subject to the requirements imposed on the Debtors under any order regarding the use of cash collateral; and it is further

ORDERED, that this Court retains jurisdiction with respect to all matters arising from or related to the interpretation, implementation and enforcement of this Order; and it is further

ORDERED, that this Order is effective immediately upon entry.

Dated: _____, 2009
Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE