## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **TRIPLE CROWN MEDIA, INC., et al.**[1] | **Case No. 09-_____** |
| **Debtors.** | **Jointly Administered** |

## DEBTORS' MOTION FOR THE ENTRY OF AN ORDER: (1) SCHEDULING HEARING ON DISCLOSURE STATEMENT, (2) APPROVING DISCLOSURE STATEMENT, (3) ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT PLAN OF REORGANIZATION, (4) APPROVING THE FORM OF BALLOTS AND SOLICITATION MATERIALS, (5) ESTABLISHING VOTING RECORD DATE, (6) FIXING THE DATE, TIME AND PLACE FOR THE CONFIRMATION HEARING AND THE DEADLINE FOR FILING OBJECTIONS THERETO, AND (7) APPROVING RELATED NOTICE PROCEDURES

The above-captioned debtors and debtors in possession (collectively, the "Debtors" or the "Company"), by and through their undersigned counsel, hereby move (the "Motion"), pursuant to section 1125 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") and Rules 2002(b), 3017, 3018, and 3020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for the entry of an order scheduling a hearing on the Disclosure Statement and a subsequent order: (i) approving the Disclosure Statement; (ii) establishing procedures for solicitation and tabulation of votes to accept or reject the Plan of Reorganization; (iii) approving the form of ballots and solicitation materials; (iv) establishing a voting record date; (v) fixing the date, time and place for the confirmation hearing and deadline for filing objections thereto; and (vi) approving the related notice provisions. In support of the Motion, the Debtors respectfully represent as follows:

---

[1] The Debtors are the following entities (followed by the last four digits of their tax identification numbers): Triple Crown Media, Inc. (2824), Triple Crown Media, LLC (2824), BR Acquisition Corp. (8679), BR Holding, Inc. (7599), Datasouth Computer Corporation (9261), Gray Publishing, LLC (7061), and Capital Sports Properties, Inc. (6084). The service address for all of the Debtors for purposes of these chapter 11 cases is: 725 Old Norcross Road, Lawrenceville, GA 30045.

## JURISDICTION, VENUE AND STATUTORY PREDICATES

1.    This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

2.    The statutory bases for the relief requested herein are sections 105(a), 1125, 1126 and 1128 of the Bankruptcy Code and Bankruptcy Rules 2002(b), 3016(b), 3017, 3018 and 3020.

## SUMMARY OF RELIEF REQUESTED

3.    The Debtors submit this Motion in connection with the Debtors' proposed disclosure statement dated September 14, 2009 (as the same may be amended or modified, the "Disclosure Statement") relating to the Debtors' Joint Plan of Reorganization dated September 14, 2009 (as the same may be amended or modified, the "Plan").[2]  As set forth herein, the Debtors seek, among other things, entry of an Order, substantially in the form attached hereto as Exhibit A (the "Scheduling Order"), scheduling a hearing (the "Disclosure Statement Hearing"), and approving the form of notice related thereto.  The Disclosure Statement Hearing shall be for this Court to consider the entry of an Order, substantially in the form attached hereto as Exhibit B (the "Disclosure Statement Order"), granting the following relief:

   a) Approving the Disclosure Statement as containing "adequate information" with respect to the Plan and authorizing the Debtors to solicit acceptances or rejections of the Plan from holders of allowed impaired Claims against, and allowed Equity Interests in, the Debtors, from the parties entitled to vote thereon in the manner set forth in this Motion;

   b) Scheduling a hearing (the "Confirmation Hearing") to consider Plan confirmation pursuant to section 1129 of the Bankruptcy Code and approving the form and manner of notice related thereto;

   c) Fixing the time and manner for filing objections to Plan confirmation;

---

[2] Capitalized Terms not otherwise defined herein shall have the meaning ascribed to them in the Plan.

1682439_3

d) Establishing procedures for solicitation and tabulation of votes to accept or reject the Plan;

e) Setting a record date for determining the creditors and holders of securities who may vote on the Plan; and

f) Granting such other and further relief as the Court may deem just and proper.

## BACKGROUND

4.     The Debtors commenced these cases by the filing of voluntary petitions for relief under chapter 11 of the Bankruptcy Code on September 14, 2009 (the "Commencement Date"). Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are operating their businesses and managing their affairs as debtors in possession.  As of the date hereof, no creditors committee, trustee or examiner has been appointed in any of these chapter 11 cases.

5.     The Debtors operate a newspaper publishing business in certain communities in the Atlanta, Georgia metropolitan area and western Georgia.  The Debtors own and operate six daily newspapers and one weekly newspaper.  These community newspapers focus on local content, including coverage of local youth, high school and college sports, local business, politics, entertainment and cultural news.  As community newspapers with locally driven content, the Debtors are able to differentiate themselves from other forms of media by providing a cost-effective medium for local advertisers to target their customers.

6.     The Debtors have entered into a Restructuring Support Agreement ("RSA") with holders of more than 80% of the Debtors' obligations under their second lien credit facility (the "Second Lien Credit Facility").  The RSA contemplates a comprehensive financial restructuring of the Debtors pursuant to the terms set forth in the Joint Plan of Reorganization (the "Plan") filed concurrently herewith.  The Plan contemplates, among other things, the conversion of a portion of the Second Lien Credit Facility to equity in the Reorganized Debtors.  Additionally, the Debtors reached an agreement with Wachovia Bank, National Association ("Wachovia" or

the "First Lien Administrative Agent"), the collateral and administrative agent under the Debtors' first lien credit facility (the "First Lien Credit Facility") and Wilmington Trust ("Wilmington" or the "Second Lien Administrative Agent") as the collateral and administrative agent under the Second Lien Credit Facility for the consensual use of Cash Collateral, subject to certain terms and conditions, during the pendency of these chapter 11 cases.

7.      Additional information regarding the Debtors' business, capital structure, and the circumstances leading to these chapter 11 filings are contained in the Declaration of Mark G. Meikle in Support of First Day Motions and Applications (the "Meikle Declaration"), filed contemporaneously herewith.

**DISCLOSURE STATEMENT**

**I.      Order Scheduling Disclosure Statement Hearing, Setting Last Date and Time for Filing Objections Thereto, and Prescribing Notice of the Disclosure Statement Hearing**

8.      The Debtors believe that it is in the best interests of their estates and creditors to schedule a hearing to approve the Disclosure Statement (the "Disclosure Statement Hearing") as expeditiously as possible. Bankruptcy Rule 3017(a) provides that the Court shall hold a hearing to consider a Disclosure Statement and any objections or modifications thereto upon not less than 25 days notice to the debtor, creditors, equity security holders and other parties in interest. See Fed. R. Bankr. P. 3017(a). Accordingly, the Debtors respectfully request that this Court enter a Scheduling Order, substantially in the form attached hereto as Exhibit A, scheduling the Disclosure Statement Hearing, in order to consider for approval the Disclosure Statement as containing "adequate information" regarding the Plan, as required by section 1125 of the Bankruptcy Code. The Debtors respectfully request that the Disclosure Statement Hearing be set for the week of October 12, 2009 or as soon thereafter as is practicable.

9. The Debtors also request that this Court direct that any objections or proposed modifications to the Disclosure Statement: (a) shall be in writing, (b) shall comply with the Bankruptcy Rules and the Local Rules of this Court, (c) shall set forth the name of the objecting party and the nature and amount of any Claim or Equity Interest against the Debtors' estates or properties alleged by such objecting party, (d) shall state with particularity the legal and factual basis for such objections, and include, where appropriate, suggested language to amend the Disclosure Statement in a manner that would resolve such objection, and (e) shall be filed with the Office of the Clerk of the Bankruptcy Court in accordance with the Local Bankruptcy Rules with a copy served upon: (i) the Debtors, 725 Old Norcross Road, Lawrenceville, GA 30045 (Attn: Mark G. Meikle); (ii) counsel for the Debtors, Dinsmore & Shohl LLP, 255 East Fifth St., Suite 1900, Cincinnati, OH 45202 (Attn: Tim Robinson and Patrick Burns) and Morris, Nichols, Arsht & Tunnel LLP, 1201 North Market Street, P.O. Box 1347, Wilmington, DE 19899-1347 (Attn: Robert Dehney and Gregory Donilon); (iii) counsel for the First Lien Administrative Agent, K&L Gates LLP, Hearst Tower, 214 North Tryon Street, Charlotte, North Carolina 28202 (Attn: Evan Wolkofsky); (iv) counsel for the Second Lien Administrative Agent, Ropes & Gray, LLP, 1211 Avenue of the Americas, New York, NY 10036 (Attn: Mark Somerstein and Shuba Satyaprasad); (v) the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, DE 19801 (Attn: David Buchbinder); and (vi) counsel for any Statutory Committee(s) appointed in these cases, so that they are received no later than 4:00 p.m., prevailing Eastern Time, on October __, 2009 (the "Disclosure Statement Objection Deadline").

10. To ensure adequate notice of the Disclosure Statement Hearing, the Debtors propose that a Notice of the Disclosure Statement Hearing, in the form attached hereto as Exhibit C (the "Disclosure Statement Hearing Notice"), be served by first class mail upon: (a) all parties

listed on the creditors matrix maintained by the Debtors' claims, noticing and balloting agent, Kurtzman Carson Consultants, LLC (the "Balloting Agent") and supplied to the Clerk of the Bankruptcy Court, (b) all Voting Classes (as defined herein), (c) the Securities and Exchange Commission, (d) Internal Revenue Service, (e) the United States District Attorney for the District of Delaware, (f) the United States Trustee, (g) all secured debtholders, (h) all Equity Security Interest holders of record as of September __, 2009, (i) any statutory committees appointed in these cases and (j) all parties on the Special Notice List established in these chapter 11 cases. The Debtors respectfully submit that notice to such parties is proper and sufficient, and in accordance with Bankruptcy Rule 2002(b).

11. Consistent with Bankruptcy Rule 3017, in addition to the Disclosure Statement Hearing Notice, the Debtors shall also cause a copy of the Disclosure Statement and Plan to be served upon: (a) the United States Trustee for the District of Delaware, (b) the Securities and Exchange Commission, and (c) any party in interest who requests in writing a copy of the Disclosure Statement or Plan. The Disclosure Statement and Plan shall also be made available on the website of the Balloting Agent at http://www.kccllc.net/triplecrown.

## II.    Adequacy of Disclosure Statement

12. Section 1125 of the Bankruptcy Code requires that a disclosure statement be approved by the court as containing "adequate information" prior to a debtor's solicitation of acceptances or rejections of a reorganization plan.    11 U.S.C. § 1125(b).    "Adequate information" is defined in the Bankruptcy Code as:

> [I]nformation of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor

> of the relevant case to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan and in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information.

11 U.S.C. § 1125(a). The Debtors' disclosure statement therefore must, as a whole, provide information that is reasonably practicable to permit an informed judgment by impaired creditors entitled to vote on the plan. See Krystol-Cadillac-Oldsmobile GMC Truck, Inc. v. General Motors Corp., 337 F3d 314, 322 (3rd Cir. 2003). The bottom-line requirement of a disclosure statement is that it "must clearly and succinctly inform the average unsecured creditor what it is going to get, when it is going to get it, and what contingencies there are to getting its distribution." In re Fevretti, 128 B.R. 16, 19 (Bankr. D. N.M. 1991).

13. In evaluating whether a disclosure statement provides "adequate information," courts adhere to section 1125's instruction that making this determination is a flexible exercise based on the facts and circumstances of each case and is within the broad discretion of the Court. See 11 U.S.C. § 1125(a)(1) ("'[A]dequate information' means information of a kind, and in sufficient detail, as far as is reasonably practicable *in light of the nature and history of the debtor and the condition of the debtor's books and records....*") (emphasis added); see also Oneida Motor Freight, Inc. v. United Jersey Bank, 848 F.2d 414, 417 (3d Cir. 1988) ("From the legislative history of § 1125 we discern that adequate information will be determined by the facts and circumstances of each case."); First Am. Bank of New York v. Century Glove, Inc., 81 B.R. 274, 279 (D. Del. 1988) (noting that adequacy of disclosure for a particular debtor will be determined based on how much information is available from outside sources); S. Rep. No. 95-989, at 121 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5907 ("[T]he information required will necessarily be governed by the circumstances of the case.").

14.     In accordance with these precepts, the Disclosure Statement provides a review of the Debtors' assets and liabilities, the circumstances leading to the commencement of the chapter 11 cases and a thorough summary of the Plan. In drafting the Plan and Disclosure Statement, the Debtors also sought and received comments on the Plan and Disclosure Statement from counsel to the Second Lien Administrative Agent.

15.     Specifically, the Debtors' Disclosure Statement contains the pertinent information necessary for holders of eligible claims to make an informed decision about whether to vote to accept or reject the Plan, including, among other things, information regarding:

- the Plan, including a summary of the classification and treatment of all classes of creditors and equity interests;
- the history of the Debtors, including certain events leading to the commencement of the chapter 11 cases;
- the operation of the Debtors' business and significant events preceding the chapter 11 cases;
- the Debtors' prepetition capital structure and indebtedness;
- the procedures for asserting claims against the Debtors' estates;
- certain risk factors to consider that may affect the Plan;
- certain federal income tax law consequences of the Plan;
- the provisions governing distributions under the Plan; and
- the means for implementation of the Plan.

16.     The Debtors respectfully submit that the Disclosure Statement complies with all aspects of section 1125 of the Bankruptcy Code. To the extent necessary, the Debtors will demonstrate at the Disclosure Statement Hearing that the Disclosure Statement addresses the information set forth above in a manner that provides those entities entitled to vote on the Plan with adequate information within the meaning of section 1125.

# SOLICITATION PROCEDURES

## I.  Procedures for Solicitation and Tabulation of Votes

### a)  Approval of Forms of Ballots

17.  In accordance with Bankruptcy Rules 3017(d) and 3018(c), the Debtors propose to mail to the holders of Claims and Equity Interests (the "Claimholders") entitled to vote on the Plan, one or more form ballots, substantially in the forms annexed hereto collectively as <u>Exhibit D</u> and incorporated herein by reference (collectively, the "Ballots"). The Ballots are substantially similar to Official Form No. 14, but have been modified to be consistent with the specific provisions of the Plan. The Ballots shall be delivered with instructions for completion. The Debtors propose that the appropriate form of Ballot be distributed to the Claimholders in the following classes entitled to vote to accept or reject the Plan (the "Voting Classes"):

| *Ballot No. 1* | *Class 3 Claims Ballot* | *Second Lien Credit Facility Claims* |
| *Ballot No. 1* | *Class 11 Claims Ballot* | *Preferred Stock Equity Interests* |

18.  The foregoing Voting Classes are the only ones that will receive Ballots as they are the only classes of Claims and Equity Interests that will be entitled to vote under the Plan. The remaining classes of Claims and Equity Interests set forth below (the "Non-Voting Classes" and together with the Voting Classes, the "Classes") are not entitled to vote on the Plan as they have been conclusively presumed to have accepted the Plan in accordance with section 1126(f) or rejected the Plan in accordance with section 1126(g) of the Bankruptcy Code, as indicated:

| *Class 1* | *Other Priority Claims* | *Accept – Unimpaired* |
| *Class 2* | *Other Secured Claims* | *Accept – Unimpaired* |
| *Class 4* | *General Unsecured Claims* | *Accept – Unimpaired* |
| *Class 5* | *Unliquidated Claims* | *Accept – Unimpaired* |
| *Class 6* | *Intercompany Claims* | *Accept – Unimpaired* |
| *Class 7* | *First Lien Credit Facility Claims* | *Accept - Unimpaired* |

| Class 8 | *Subordinated Securities Claims* | *Reject – will not receive or retain any property* |
| Class 9 | *Debtors' Interests in Surviving Debtors* | *Accept – Unimpaired* |
| Class 10 | *Debtors' Interests in Non-Surviving Debtors and Common Stock Equity Interests in TCMI* | *Reject – will not receive or retain any property* |

19.    In accordance with Bankruptcy Rule 3017(d), the Debtors propose that the aforementioned Non-Voting Classes of Claims and Equity Interests <u>not</u> entitled to vote on the Plan receive a notice to that effect, substantially in the form of <u>Exhibit F</u> attached hereto and incorporated herein by reference (the "Non-Voting Notice"), and not receive a Solicitation Package (as defined herein).  However, a copy of the Plan and Disclosure Statement will be made available to holders of Claims and Equity Interests in the Non-Voting Classes upon written request or from the Balloting Agent's website at: http://www.kccllc.net/triplecrown.

20.    The Debtors respectfully submit that the proposed Ballots are appropriately tailored to the Plan and comply with Bankruptcy Rules 3017 and 3018.  Accordingly, by this Motion, the Debtors request that the Court approve the proposed Ballots, attached hereto as <u>Exhibit D</u>.

**b)     <u>Voting Deadline for the Receipt of Ballots</u>**

21.    Bankruptcy Rule 3017(c) provides that, "[o]n or before approval of the disclosure statement, the court shall fix a time within which the holders of claims and interests may accept or reject the plan . . . ."  The Debtors anticipate commencing the Plan solicitation period by mailing the Ballots, and other approved solicitation materials to the Voting Classes no later than five (5) business days after the entry of an order approving the Disclosure Statement.  Based on this schedule, the Debtors propose that all Ballots being cast must be properly executed,

completed and delivered, by either mail, overnight courier, or personal delivery, to the Balloting Agent, so that the Ballots are actually received no later than 4:00 p.m., prevailing Eastern Time, on November __, 2009 (the "Voting Deadline"). This date will give Claimholders sufficient time to review the solicitation materials and vote, and provides the Debtors with enough time to tabulate the Ballots and prepare for whatever issues the voted Ballots may raise in connection with the Confirmation Hearing (as defined below). Ballots received by facsimile or electronic mail will not be accepted or counted.

      **c.**      **Procedures for Tabulating Votes**

      22.      Section 1126(c) of the Bankruptcy Code provides that a class of claims has accepted a plan if such plan has been accepted by creditors that hold at least two-thirds in dollar amount and more than one-half in number of the allowed claims in that class that have actually cast ballots for acceptance or rejection of the plan. See 11 U.S.C. § 1126(c). At this stage of these chapter 11 cases, and in light of the expeditious nature of these proceedings, the claims process has yet to occur, and it would not be to the estates' advantage to defer confirmation of the Plan until a claims filing/objection process has been initiated and completed. Accordingly, solely for the purposes of voting on the Plan - and not for the purpose of allowance of, or distributions on account of, any Claims or Equity Interests and without prejudice to the Debtors' rights in any other context - the Debtors propose that each Claim or Equity Interest within a Voting Class entitled to vote to accept or reject the Plan be temporarily allowed, in accordance with the following rules (the "Tabulation Rules"):

      a)      If a proof of claim has been timely filed on account of such Claim, the noncontingent, liquidated and undisputed amount set forth therein.

      b)      If a Claim is deemed allowed under the Plan, such Claim will be temporarily allowed for voting purposes in the amount set forth therein.

c)   If a Claim for which a proof of claim has been timely filed and has not been disallowed is listed, marked or otherwise referenced on its face as contingent, unliquidated or disputed, either in whole or in part, only the noncontingent, liquidated and undisputed portion, if any, of such Claim will be deemed temporarily allowed for voting purposes, subject to the other Tabulation Rules, and the remaining portion of such Claim will be disallowed for voting purposes.

d)   If a Claim has been allowed pursuant to a stipulation approved by the Court, such Claim will be deemed allowed for voting purposes in the amount set forth in such stipulation.

e)   If a Claim has been estimated or otherwise allowed for voting purposes by order of the Court, such Claim will be temporarily allowed for voting purposes in the amount so estimated or allowed by the Court.

f)   If on or before November __, 2009 the Debtors have filed and served an objection to or motion to disallow or reclassify a Claim, or to allow or estimate the Claim in an amount different from the amount asserted in the Claim, such Claim will be temporarily allowed for voting purposes in the amount and classification determined by the Court.

g)   If a holder of a Claim identifies a Claim amount in its Ballot that is less than the amount otherwise calculated in accordance with the Tabulation Rules, the Claim will be temporarily allowed for voting purposes in the lesser amount identified on such Ballot.

h)   Creditors will not be entitled to vote Claims to the extent such Claims duplicate or have been superceded by other Claims filed by or on behalf of such creditors. The Balloting Agent will determine whether a Claim is duplicative or superceded in the Balloting Agent's discretion.

i)   A party shall not be entitled to a vote on the Plan based upon a guarantee or other theory of payment. There shall be allowed only one vote per Claim regardless of how many Debtors may be subject to legal liability.

23.   The foregoing Tabulation Rules are subject to further order of the Court to the extent that a party moves for temporary allowance of its Claims or Equity Interests in an amount which is different from the amount that otherwise would apply to such Claim or Equity Interest under the Tabulation Rules.

24.   The Debtors also propose the following additional procedures be utilized in tabulating the Ballots (the "Tabulation Procedures"):

a)   Except to the extent the Debtors otherwise determine, or as permitted by the Court, any Ballots received after the Voting Deadline will not be accepted or counted by the Debtors in connection with the Debtors' request for confirmation of the Plan.

b)   Any Ballot which is otherwise properly completed, executed and timely returned that does not indicate an acceptance or rejection of the Plan shall be deemed to be a vote to accept the Plan, and unless otherwise elected on the Ballot, an acceptance of the releases contained within the Plan.

c)   Any Ballot which is returned indicating acceptance or rejection of the Plan but which is unsigned shall not be counted.

d)   Whenever a Claimholder casts more than one Ballot voting the same Claim or Equity Interest prior to the Voting Deadline, only the last timely Ballot received will be deemed to reflect the voter's intent and will thus supersede any prior Ballots.

e)   If a Claimholder casts simultaneous duplicative Ballots which are voted inconsistently, such Ballots shall count as one vote accepting the Plan and the releases contained therein.

f)   Each Claimholder shall be deemed to have voted the full amount of its Claim or Equity Interest as set forth on the Ballot.

g)   Claimholders shall not split their vote within a Claim or Equity Interest, thus each Claimholder shall vote all of its Claim or Equity Interest within a particular class either to accept or reject the Plan.

h)   Ballots partially rejecting and partially accepting the Plan shall not be counted.

i)   The method of delivery of Ballots to the Balloting Agent is at the risk of each Claimholder, and such delivery will be deemed made only when the original Ballot is actually received by the Balloting Agent.

j)   No Ballot should be sent to the Debtors, agents of the Debtors (other than the Balloting Agent) or the Debtors' financial or legal advisors.

k)   The Debtors expressly reserve the right to amend the terms of the Plan (subject to compliance with section 1127 of the Bankruptcy Code). If the Debtors make material changes in the terms of the Plan, the Debtors will disseminate additional solicitation materials and extend the solicitation period, in each case to the extent required by law or further order of the Court.

l)   If a Ballot is signed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or other person acting in a fiduciary or representative capacity on behalf of a claimholder, such person shall be required to indicate such capacity when signing and, at the Balloting Agent's discretion,

must submit proper evidence satisfactory to the Balloting Agent to so act on behalf of the claimholder.

m) The Debtors, in their sole discretion, subject to contrary order of the Court, may waive any defect in any Ballot at any time, either before or after the close of voting, and without notice. Unless the Ballot being furnished is timely submitted on or prior to the Voting Deadline, the Debtors may, in their sole discretion, reject such Ballot as invalid and, therefore, not count it in connection with confirmation of the Plan.

n) In the event a designation is requested under section 1126(e) of the Bankruptcy Code, any vote to accept or reject the Plan cast with respect to such Claim will not be counted for purposes of determining whether the Plan has been accepted or rejected, unless the Court orders otherwise.

o) Any Claimholder who has delivered a valid Ballot voting on the Plan may withdraw such vote solely in accordance with Bankruptcy Rule 3018(a).

p) Subject to any contrary order of the Court, the Debtors reserve the absolute right to reject any and all Ballots not proper in form, the acceptance of which would, in the opinion of the Debtors or their counsel, not be in accordance with the provisions of the Bankruptcy Code or the Disclosure Statement Order.

q) Subject to any contrary order of the Court, the Debtors further reserve the right to waive any defects or irregularities or conditions of delivery as to any particular Ballot unless otherwise directed by the Court.

r) Unless waived or as ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured within such time as the Debtors (or the Court) determines, and unless otherwise ordered by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived.

s) Neither the Debtors, nor any other person or entity, will be under any duty to provide notification of defects or irregularities with respect to deliveries of Ballots nor will any of them incur any liabilities for failure to provide such notification. Unless otherwise directed by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived. Ballots previously furnished (and as to which any irregularities have not theretofore been cured or waived) will not be counted.

t) Any Ballot received by telecopier, facsimile or other electronic communication shall not be counted.

u) For purposes of determining whether the numerosity and amount requirements of section 1126(c) of the Bankruptcy Code have been satisfied, the Balloting Agent will tabulate only those Ballots received prior to the Voting Deadline.

25.     Upon completion of balloting, the Balloting Agent will certify the amount and number of allowed Claims of each Voting Class accepting or rejecting the Plan and the amount of allowed Equity Interests of each Voting Class accepting or rejecting the plan.  The Debtors will file such certifications with the Court prior to the Confirmation Hearing.

26.     The Debtors respectfully submit that the Tabulation Rules and Tabulation Procedures will establish a fair and equitable voting process, particularly given the right of parties to seek temporary allowance of their Claims on some other basis, as described in greater detail below.  Therefore, the Debtors seek this Court's approval of such proposed rules.

**d.     Procedures for Temporary Allowance of Claims**

27.     The Debtors propose that any holder of a Claim or Equity Interest that seeks to challenge the temporary allowance of its Claim or Equity Interest for voting purposes based on the Tabulation Rules and Tabulation Procedures be required to file a motion, pursuant to Bankruptcy Rule 3018(a),[3] for an order temporarily allowing its Claim or Equity Interest in a different amount or classification for purposes of voting to accept or reject the Plan  (a "Rule 3018 Motion") and serve the Rule 3018 Motion on the Debtors so that it is received no later than 4:00 p.m., prevailing Eastern Time, on November __, 2009. The Debtors will then have: (a) until November __, 2009 to file and serve any responses to Rule 3018 Motions; and (b) coordinate with the Court to adjudicate and resolve all pending Rule 3018 Motions and responses thereto at the hearing scheduled for same on or about November __, 2009 at 10:00 a.m. or such other time as the Court may fix.  In accordance with Bankruptcy Rule 3018, the Debtors further propose that any Ballot submitted by a Claimholder that files a Rule 3018 Motion will be counted solely in accordance with the Tabulation Rules and other applicable provisions contained herein unless

---

[5] Bankruptcy Rule 3018(a) provides that the "court after notice and hearing may temporarily allow the claim or interest in an amount which the court deems proper for the purposes of accepting or rejecting a plan."

and until the underlying Claim or Equity Interest is temporarily allowed by the Court for voting purposes in a different amount, after notice and a hearing.

### e. Use of Ballots for Plan Elections

28.     Pursuant to the Plan, as of the Effective Date, the Released Parties are forever released and discharged from any liability or suits against them as a result of their involvement with the Debtors, the Chapter 11 Cases, or any actions taken by the Released Parties related thereto.

29.     The Plan provides that Claimholders that submit a Ballot and: (a) vote to accept the Plan or (b) abstain from voting as set forth on the relevant Ballot and do not opt-out of the releases, shall be deemed to have irrevocably voted in favor of the releases.

## II.     Confirmation Hearing, Record Date and Solicitation Packages

### a)     The Confirmation Hearing and Notice Thereof

30.     Bankruptcy Rule 3017(c) provides that, on or before the approval of the Disclosure Statement, the Court "may fix the date for the hearing on confirmation." In accordance with this provision, the Debtors' request that the Confirmation Hearing be set for a date on or about November __, 2009. In the interests of orderly procedure, the Debtors further request that objections to confirmation of the Plan, if any, must: (a) be in writing; (b) state the name and address of the objecting party and the nature of the Claim or Equity Interest of such party; (c) state with particularity the basis and nature of any objections to confirmation of the Plan; and (d) be filed with the Court and served on (i) the Debtors, 725 Old Norcross Road, Lawrenceville, GA 30045 (Attn: Mark G. Meikle); (ii) counsel for the Debtors, Dinsmore & Shohl LLP, 255 East Fifth St., Suite 1900, Cincinnati, OH 45202 (Attn: Tim Robinson and Patrick Burns) and Morris, Nichols, Arsht & Tunnel LLP, 1201 North Market Street, P.O. Box 1347, Wilmington, DE 19899-1347 (Attn: Robert Dehney and Gregory Donilon); (iii) counsel

for the First Lien Administrative Agent, K&L Gates LLP, Hearst Tower, 214 North Tryon Street, Charlotte, North Carolina 28202 (Attn: Evan Wolkofsky); (iv) counsel for the Second Lien Administrative Agent, Ropes & Gray, LLP, 1211 Avenue of the Americas, New York, NY 10036 (Attn: Mark Somerstein and Shuba Satyaprasad); (v) the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, DE 19801 (Attn: David Buchbinder); and (vi) counsel for any Statutory Committee(s) named in these cases, so that they are received no later than 4:00 p.m., prevailing Eastern Time, on November __, 2009 (the "Confirmation Objection Deadline"). The Debtors reserve the right to file a consolidated reply to any such objection no later than November __, 2009.

31. Bankruptcy Rule 2002(b) requires that the Debtors provide notice to all creditors and parties in interest at least 25 days prior to the deadline for filing objections to confirmation of the Plan, and the Confirmation Hearing. Bankruptcy Rule 2002(d), in turn, requires that equity security holders be given notice of these matters in the manner and form directed by the Court. In accordance with these provisions, the Debtors propose to serve: (a) all parties set forth on the creditors matrix maintained by the Debtors' Balloting Agent and supplied to the Clerk of the Bankruptcy Court, (b) all Voting Classes, (c) the Securities and Exchange Commission, (d) Internal Revenue Service, (e) the United States District Attorney for the District of Delaware, (f) the United States Trustee, (g) the registered holders of the Common Stock Equity Interests, who shall be responsible for service to the beneficial holders, and (h) all parties on the Special Notice List established in these chapter 11 cases, a copy of the notice substantially in the form attached hereto as Exhibit G (the "Confirmation Hearing Notice"). The Confirmation Hearing Notice sets forth: (a) the Voting Deadline for the submission of Ballots to accept or reject the Plan; (b) the

deadline for filing Rule 3018 Motions; (c) the Confirmation Objection Deadline; and (d) the time, date and place of the Confirmation Hearing.

32.     In addition to mailing the Confirmation Hearing Notice, the Debtors propose to publish a shortened version of the Confirmation Hearing Notice at least once no later than twenty-five (25) days before the Confirmation Objection Deadline in the National Edition of The Wall Street Journal.

**b.     The Record Date**

33.     Bankruptcy Rule 3017(d) provides that the Court may set the date on which the Disclosure Statement is approved or another date as the record date for determining which holders of securities are entitled to receive solicitation materials, including ballots for voting on a plan of reorganization.  See Fed. R. Bankr. P. 3017(d).  The Debtors propose that the Court establish the close of business on October __, 2009 as the record date (the "Record Date") for purposes of determining which holders of Equity Interests are entitled to receive Solicitation Packages and, as applicable, vote on the Plan.

34.     With respect to any transferred Claim, the Debtors propose that the transferee will be entitled to receive a Solicitation Package and cast a Ballot on account of the transferred Claim only if: (a) all actions necessary to effect the transfer of payment and interest of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Record Date (including without limitation, the passage of any applicable objection period); or (b) the transferee files, no later than the Record Date, (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer and (ii) a sworn statement of the transferor supporting the validity of the transfer.

c.      **The Solicitation Packages**

35.      Bankruptcy Rule 3017(d) identifies the materials that must be provided to the

claimholders for purposes of soliciting votes and providing adequate notice of the hearing on

confirmation of a plan:

> Upon approval of a disclosure statement,--except to the extent that
> the court orders otherwise with respect to one or more unimpaired
> classes of creditors or equity security holders--the debtor in
> possession, trustee, proponent of the plan, or clerk as the court
> orders shall mail to all creditors and equity security holders, and in
> a chapter 11 reorganization case shall transmit to the United States
> trustee,
>
> > (1)      the plan or a court-approved summary of the plan;
> >
> > (2)      the disclosure statement approved by the court;
> >
> > (3)      notice of the time within which acceptances and
> > rejections of the plan may be filed; and
> >
> > (4)      any other information as the court may direct,
> > including any court opinion approving the
> > disclosure statement or a court-approved summary
> > of the opinion.
>
> In addition, notice of the time fixed for filing objections and the
> hearing on confirmation shall be mailed to all creditors and equity
> security holders in accordance with [Bankruptcy] Rule 2002(b),
> and a form of ballot conforming to the appropriate Official Form
> shall be mailed to creditors and equity security holders entitled to
> vote on the plan.

Fed. R. Bankr. P. 3017(d).

36.      In accordance with Bankruptcy Rule 3017(d), the Debtors propose that, after

entry of the order approving the Disclosure Statement, the following materials be mailed by the

Balloting Agent to all Claimholders in the Voting Classes (the "Solicitation Package"):

a)      the Confirmation Hearing Notice;

b)      the Disclosure Statement (together with exhibits thereto, including the Plan, that
have been filed with the Court before the date of mailing);

c)      any applicable letters from the Debtors and any other parties in interest recommending that the Claimholders vote to accept the Plan, which letters shall be filed with the Court prior to the hearing on approval of the Disclosure Statement;

d)      an appropriate form of Ballot, and a Ballot return envelope; and

f)      a copy of the Disclosure Statement Order of the Bankruptcy Court approving the Disclosure Statement.

37.      Consistent with sections 1126(f) and 1126(g) of the Bankruptcy Code and Bankruptcy Rule 3017(d), the Debtors request that no Solicitation Packages be mailed to holders of Claims and Equity Interests in Classes that are conclusively deemed to accept or reject the Plan; namely, the Non-Voting Classes. However, as previously noted, in accordance with Bankruptcy Rule 3017(d), the Debtors propose that the Non-Voting Classes shall receive the Non-Voting Notice, substantially in the form of Exhibit E attached hereto.

38.      The Balloting Agent will mail the Solicitation Packages no later than five (5) business days after the entry of an order approving the Disclosure Statement to: (a) the holders of Claims or Equity Interests in the Voting Classes, as applicable, (b) all parties on the Special Notice List, (c) all parties that have filed requests for notice in the Chapter 11 cases on or before the Record Date; and (c) the United States Trustee for this District.

39.      The Debtors submit that the foregoing procedures for providing notice of the Confirmation Hearing, the Confirmation Objection Deadline and related matters fully comply with Bankruptcy Rules 2002 and 3017 and the time limits set forth therein, and are both fair to holders of Claims and Equity Interests and other parties in interest and are calculated to result in votes and objections that will be known in sufficient time to permit an organized and efficient Confirmation Hearing. Accordingly, the Debtors respectfully request that the Court approve such notice procedures as appropriate under the circumstances and in compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules.

40. Notwithstanding the foregoing notice requirements, the Debtors seek a waiver from the service requirements with respect to the Confirmation Hearing Notice and Solicitation package for parties on whom the Disclosure Statement Hearing Notice was served but returned as undeliverable and the Debtors could not find a better address after reasonable diligence.

## NO PRIOR REQUEST

41. No prior request for the relief sought herein has been made by the Debtors to this or any other Court.

## NOTICE

42. No trustee, examiner or creditors' committee has been appointed in these chapter 11 cases. A copy of the Motion was served upon the following parties via telecopier, e-mail, regular United States mail, postage pre-paid, or overnight delivery, delivery prepaid pursuant to Bankruptcy Rule 4001: (a) counsel to the First Lien Administrative Agent, (b) counsel to the Second Lien Administrative Agent, (c) the United States Trustee for the District of Delaware, and (d) counsel to any statutory committee appointed in these cases; and all parties filing a Notice of Appearance and Request for Service pursuant to Bankruptcy Rule 2002 in these chapter 11 cases. In light of the nature of the relief requested herein and the irreparable harm to the Debtors, the estates and their creditors that will ensue if the relief herein is not granted, the Debtors submit that no other or further notice is required.

**WHEREFORE**, the Debtors respectfully request that the Court (i) enter an order substantially in the form attached hereto as Exhibit A scheduling the Disclosure Statement Hearing, (ii) enter a subsequent order, substantially in the form attached hereto as Exhibit B, (a) approving the Debtors' Disclosure Statement, (b) approving the Form of Ballots and Solicitation Materials, Voting Deadline and Solicitation Procedures, including approval of the procedures for soliciting and tabulating votes on the Plan, the forms of Ballots for submitting votes on the Plan,

the voting deadline for submitting Ballots, the deadlines and procedures for temporary allowance of Claims and Equity Interests for voting purposes, the contents of the proposed Solicitation Packages to be distributed to Claimholders and other parties in interest in connection with the solicitation of votes on the Plan and the proposed Record Date for purposes of voting on the Plan, (c) scheduling the Confirmation Hearing , and (d) approving related notice procedures and (iii) granting such other and further relief that the Court deems just and proper.

Dated: September 14, 2009
     Wilmington, Delaware

                                     */s/ Gregory T. Donilon*
                                     MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Robert J. Dehney (DE Bar No. 3578)
Gregory T. Donilon (DE Bar No. 4244)
1201 N. Market Street
PO Box 1347
Wilmington, DE 19899-1347
Telephone: 302-658-9200
Facsimile: 302-658-3989

-and-

DINSMORE & SHOHL LLP
Tim J. Robinson, Esq. (OH Bar #0046668)
Patrick D. Burns, Esq. (OH Bar #0081111)
255 E. 5th St., Ste. 1900
Cincinnati, OH 45202
Telephone: 513-977-8200
Facsimile: 513-977-8141

Proposed Counsel to Debtors
and Debtors In Possession