# EXHIBIT A

**Proposed Order Scheduling Disclosure Statement Hearing**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>**TRIPLE CROWN MEDIA, INC., et al.**[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 09-_____<br><br>Jointly Administered |

## ORDER SCHEDULING HEARING TO CONSIDER THE ENTRY OF ORDER APPROVING DISCLOSURE STATEMENT, AND THE FORM OF NOTICE RELATED THERETO

Upon consideration of the Debtors' Motion for an Order: (1) Scheduling Hearing on Disclosure Statement, (2) Approving Disclosure Statement, (3) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Joint Plan of Reorganization, (4) Approving the Form of Ballots and Solicitation Materials (5) Establishing Voting Record Date, (6) Scheduling a Hearing on Confirmation of Joint Plan or Reorganization, and (7) Approving Related Notice Procedures (the "Motion"); and the Court having reviewed the Motion, this Court finds that: (i) it has jurisdiction over the matters raised in the Motion under 28 U.S.C. §§ 157 and 1334; (ii) venue of this matter is proper under 28 U.S.C. §§ 1408 and 1409; (iii) this matter is a core proceeding under 28 U.S.C. § 157(b)(2); and (iv) notice of this Motion having been provided to the parties as set forth in the Motion, and the Court having found such notice to be sufficient under the circumstances and that no other or further notice need be provided; and the Court having considered the Declaration of Mark G. Meikle in Support of First Day Motions and

---

[1] The Debtors are the following entities (followed by the last four digits of their tax identification numbers): Triple Crown Media, Inc. (2824), Triple Crown Media, LLC (2824), BR Acquisition Corp. (8679), BR Holding, Inc. (7599), Datasouth Computer Corporation (9261), Gray Publishing, LLC (7061), and Capital Sports Properties, Inc. (6084). The service address for all of the Debtors for purposes of these chapter 11 cases is: 725 Old Norcross Road, Lawrenceville, GA 30045.

Applications; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors and their estates; and after due deliberation and sufficient cause appearing; it is hereby

ORDERED, that the Motion is hereby GRANTED with respect to scheduling the Disclosure Statement Hearing; and it is further

ORDERED, that the Disclosure Statement Hearing[2] shall be held on [_____], 2009, at [_____ a.m./p.m] prevailing Eastern Time, at the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, Wilmington, Delaware 19801. This hearing may be adjourned from time to time without further notice or other announcement of the adjourned date(s) at said hearing and at any adjourned hearing(s); and it is further

ORDERED, that any objections or proposed modifications to the Disclosure Statement or such other relief requested in the Motion: (a) shall be in writing, (b) shall comply with the Bankruptcy Rules and the Local Rules of this Court, (c) shall set forth the name of the objecting party, and the nature and amount of any claim or interest alleged by such objecting party against the Debtors' estates or properties, (d) shall state with particularity the legal and factual basis for such objections, and include, where appropriate, suggested language to amend the Disclosure Statement in a manner that would resolve such objection, and (e) shall be filed with the Office of the Clerk of the Bankruptcy Court in accordance with the Local Bankruptcy Rules with a copy served upon: (i) the Debtors, 725 Old Norcross Road, Lawrenceville, GA 30045 (Attn: Mark G. Meikle); (ii) counsel for the Debtors, Dinsmore & Shohl LLP, 255 East Fifth St., Suite 1900, Cincinnati, OH 45202 (Attn: Tim Robinson and Patrick Burns) and Morris, Nichols, Arsht &

---

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

Tunnel LLP, 1201 North Market Street, P.O. Box 1347, Wilmington, DE 19899-1347 (Attn: Robert Dehney and Gregory Donilon); (iii) counsel for the First Lien Administrative Agent, K&L Gates LLP, Hearst Tower, 214 North Tryon Street, Charlotte, North Carolina 28202 (Attn: Evan Wolkofsky); (iv) counsel for the Second Lien Administrative Agent, Ropes & Gray, LLP, 1211 Avenue of the Americas, New York, NY 10036 (Attn: Mark Somerstein and Shuba Satyaprasad); (v) the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, DE 19801 (Attn: David Buchbinder); and (vi) counsel for any statutory Committee(s) appointed in these cases, such that all objections are received and filed no later than 4:00 p.m. prevailing Eastern Time, on [October 9, 2009]; and it is further

ORDERED, that Debtors shall serve a Notice of the Disclosure Statement Hearing in substantially the form attached as Exhibit C to the Motion (the "Disclosure Statement Hearing Notice") by first class mail upon: (a) all parties set forth on the creditors matrix maintained by the Debtors' noticing and claims agent and supplied to the Clerk of the Bankruptcy Court, (b) all Voting Classes, (c) the Securities and Exchange Commission, (d) Internal Revenue Service, (e) the United States District Attorney for the District of Delaware, (f) the United States Trustee, (g) counsel for any statutory committee(s) appointed in these cases, and (h) all parties on the Special Notice List established in these chapter 11 cases. The service of the Disclosure Statement Hearing Notice to the parties set forth above in the manner indicated shall be and is, in full compliance with the requirements of Bankruptcy Rule 2002(b); and it is further

ORDERED, that consistent with Bankruptcy Rule 3017, in addition to the Disclosure Statement Hearing Notice, the Debtors shall also cause a copy of the Disclosure Statement and Plan to be served upon the parties described in Bankruptcy Rule 3017 in accordance with the time frames set by this Court; and it is further

ORDERED, that this Court shall retain jurisdiction as to all matters relating to the interpretation, implementation and enforcement of this Order; and it is further

ORDERED, that this Order is effective immediately upon entry.

Dated: _____
Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE